IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN L. HICKS

    Plaintiff,

-vs-

MERCHANTS' CHOICE PAYMENT
SOLUTIONS OF FLORIDA, LLC.,
a foreign Limited Liabilty Company,

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KAREN HICKS, sues the Defendant, MERCHANTS' CHOICE PAYMENT

SOLUTIONS OF FLORIDA, LLC, and alleges as follows:

## SUBJECT MATTER JURISDICTION AND VENUE

1.     This is a civil action for money damages in an amount that exceeds $15,000,

exclusive of costs, interest, and attorneys' fees.

2.     Plaintiff brings this action to recover statutorily prescribed damages for the repeated

and harassing telemarketing calls made by the Defendant to Plaintiff's cellular telephone number

without her prior express consent, in violation of the Telephone Consumer Protection Act of 1991,

47 U.S.C. §227, *et seq.* (hereafter "TCPA"), and the Federal Communication Commission

("FCC") rules and regulations promulgated thereunder, 47 C.F.R. § 64.1200 (hereafter "TCPA

Regulations"), in addition to recovery of attorneys' fees pursuant to section 501.059(10)(a),

Florida Statutes.

3.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction arises under 28 U.S.C. § 1367 for the related state law claim.

4.      The alleged violations described herein occurred in Pinellas County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

5.      Plaintiff, KAREN HICKS is and was at all material times a natural person, over the age of eighteen (18), who resides in Saint Petersburg, Pinellas County, Florida.

6.      Plaintiff is the regular user, carrier and subscriber of the cellular telephone number at issue, (###) ###-1616, and is the "called party" with respect to the telemarketing calls placed by the Defendant, as further described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934, (11th Cir.2014).

7.      At all times material hereto, Defendant, MERCHANTS' CHOICE PAYMENT SOLUTIONS OF FLORIDA, LLC (hereafter "Merchants' Choice"), marketed itself as a provider of electronic credit card payment processing products and services. Merchants' Choice is a for-profit and non-charitable Limited Liability Company that is organized under the laws of the state of Delaware, and authorized to transact business in the state of Florida. Merchants' Choice maintains a registered agent for service of process in Florida, and maintains its principal place of business at 8250 Bryan Dairy Rd., Suite 100, Largo, FL 33777.

## PERSONAL JURISDICTION

8.      This Court possesses specific personal jurisdiction over Merchants' Choice as a result of its acts within this District that violate the TCPA.

9.      Merchants' Choice maintains sufficient minimum contacts with this District, has purposefully availed itself of the privilege of doing business in this District, maintains a registered agent and principal place of business in Florida, and possesses such a significant and continuous presence in this District such as to be subject to the personal jurisdiction of this Court.

10.     In addition, Plaintiff's injuries alleged in this action arise from Merchants' Choice' business of marketing electronic credit card payment processing products and services in Florida, and result from Defendant's tortious conduct in violation of the TCPA within Florida. Merchants' Choice directed its conduct to have intended effects within Florida.

## NATURE OF THE ACTION

11.     Merchants' Choice has engaged and continues to engage in four separate courses of conduct that violate the TCPA with respect to the Plaintiff. *First*, Merchants' Choice or its agents initiated calls to Plaintiff's cellular telephone number using an "automated telephone dialing system" (hereafter "ATDS") and/or using a prerecorded or artificial voice, as specified by the TCPA, 47 U.S.C. § 227(a)(1), without Plaintiff's prior express consent, even after ignoring Plaintiff's repeated demands that Defendant stop making such telemarketing calls, in violation of the TCPA and its Regulations, 47 U.S.C. §227(b)(1)(a)(iii) and 47 C.F.R. §64.1200(a)(2).

12.     *Second*, Merchants' Choice or its agents made repeated and harassing telemarketing calls to the Plaintiff's cellular telephone number, which was at all material times registered and included on the national Do-Not-Call Registry (the "National DNC Registry"), even after ignoring Plaintiff's demands that Defendant stop making such telemarketing calls, in

violation of the TCPA and its Regulations, 47 U.S.C. §§ 227(c) and (e) and 47 C.F.R. § 64.1200(e).

13.     *Third,* Merchants' Choice or its agents made telemarketing calls to Plaintiff's cellular telephone number without first instituting procedures mandated by the TCPA before any telemarketing calls can lawfully be made, in violation of the TCPA and its Regulations, 47 U.S.C. §227(c) and (e) and 47 C.F.R. § 64.1200(e).

14.     *Fourth,* even if Merchants' Choice did institute the minimum procedures for maintaining a list of persons who request not to want to receive telemarketing calls from Merchants' Choice or its agents*,* Merchants' Choice failed to follow those procedures since it has persisted in making telemarketing calls to Plaintiff, who has repeatedly instructed Defendant that she does not want to receive such calls from Merchants' Choice, and did not place Plaintiff on a company-specific Do-Not-Call list (a "Merchants' Choice DNC List"), in violation of the TCPA and its Regulations, 47 U.S.C. §227(c) and (e) and 47 C.F.R. §64.1200(e).

15.     Under the TCPA, Merchants' Choice is liable for all calls made by it or its agents for the violations of 47 U.S.C. §227(b) and (c) and FCC rules and regulations.

16.     Plaintiff was injured as a direct and proximate result of Merchants' Choice' TCPA violations.

17.     Plaintiff brings this action for injunctive relief and statutory damages resulting from the illegal actions of Merchants' Choice and to permanently enjoin Merchants' Choice from continuing to violate the TCPA.

18.     Because the unlawful acts by Merchants' Choice were and are willful or knowing violations of the TCPA, Plaintiff is entitled to additional remedies and statutory damages provided under the TCPA for each violation of the TCPA committed by Defendant.

## THE TELEPHONE CONSUMER PROTECTION ACT

19.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices. The TCPA vests the FCC with authority to issue regulations implementing the TCPA.[1]

20.     The TCPA and its Regulations have at all material times prohibited the placement of telemarketing calls to a cellular telephone number using an ATDS and/or an artificial or prerecorded voice without the prior express *written* consent of the consumer. *See* 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2).[2]

21.     TCPA Section 227(c) empowers the FCC to enact regulations to enforce Do-Not-Call registries.[3] The FCC has created three such rules and regulations. The first prohibits calls made to persons who have registered their telephone number with the National DNC Registry.[4] Merchants' Choice has violated the FCC regulations concerning the National DNC Registry in making the calls at issue to the Plaintiff's cellular telephone number, thereby violating the TCPA.[5]

22.     FCC rulemaking has also made it a violation of the TCPA to refuse to honor a consumer's request to be placed on a Do-Not-Call registry or list that must be maintained by each company who initiates or causes telemarketing calls to be made.[6] Merchants' Choice has violated the FCC regulations concerning company-specific DNC registry or lists in making the calls at issue

---

[1] *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (July 3, 2003).

[2] The requirement that prior express consent for telemarketing calls to cellular telephone numbers be made in *writing* has been in effect since October of 2013. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, FCC 12-21 (Feb. 15. 2012).

[3] *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, FCC 08-147 (June 17, 2008).

[4] 47 C.F.R. §§ 64.1200(c) and (e).

[5] 47 U.S.C. §227(c)(5).

[6] 47 C.F.R. §§ 64.1200(d) and (e).

to the Plaintiff's cellular telephone number, thereby violating the TCPA.[7]

23.     In addition, the FCC rules and regulations prohibit any person or entity from making any call for telemarketing purposes to a cellular telephone subscriber until the caller has instituted proper procedures for maintaining a list of persons who request not to be called by that person or entity. Merchants' Choice initiated telemarking calls to Plaintiff's cellular telephone number prior to and without instituting these proper procedures.

24.     According to the FCC,

> On July 3, 2003, the [Federal Communications] Commission revised the TCPA rules and adopted new rules to provide consumers with several options for avoiding unwanted telephone solicitations. Specifically, the Commission established a national do-not-call registry that would be jointly implemented by the Federal Trade Commission (FTC) and this Commission. The national registry, which went into effect on October 1, 2003, supplements the long-standing company-specific do-not-call rules which require companies to maintain lists of consumers who ask not to be called by a particular company.[8]

25.     In 2012, the FCC promulgated revised TCPA rules pursuant to its authority under the TCPA to establish the TCPA's Implementing Regulations.[9] These revised rules added additional restrictions on telemarketing "robocalls" by requiring that entities placing autodialed or prerecorded telemarketing calls to cellular telephone numbers obtain the called party's "prior express written consent" to receive such autodialed calls.[10] Under the revised TCPA rules, this "prior express written consent" must be unambiguous, requiring that (1) the consumer must sign a written agreement that clearly authorizes such autodialed solicitation calls, (2) the agreement must

---

[7] 47 U.S.C. § 227(c)(5).

[8] *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Second Order on Reconsideration at ¶4, FCC 05-28, (Feb. 18, 2005); *see also Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003); *Osorio v. State Farm Bank*, 746 F. 3d 1242, 1255-56 (11th Cir. 2014).

[9] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Docket 02-278, Report and Order, FCC 12-21, 27 FCC Rcd 1830 (February 15, 2012) ("2012 TCPA Order").

[10] *Id.* at ¶ 2 (emphasis added); 47 CFR § 64.1200(a)(2).

be sufficient to show that the consumer received a "clear and conspicuous disclosure" informing the person signing that by executing the agreement, she will receive future solicitation calls using an automated telephone dialing system or prerecorded message from the specific entity placing the call, and (3) the agreement must include the telephone number to which the signing consumer authorizes such solicitation messages to be delivered.[11] Further, the revised rules provide that the consumer shall not be required to sign such an agreement, directly or indirectly, or enter into such an agreement, as a condition of procuring any other property, goods or services.[12] These revised rules became effective on October 16, 2013.[13]

26.     In a 2013 Ruling, the FCC reiterated that sellers are vicariously and jointly liable for violations of the TCPA made by their agents, regardless of whether the agency is express or implied, and including when the agent is vested with apparent authority or when a creditor ratifies the acts of the agent that violate the TCPA.[14]

## STATEMENT OF FACTS

27.     Defendant Merchants' Choice advertises itself as a "full-service provider of processing services and business solutions that enable[s] [] merchants to accept all major payment card options, as well as checks, Electronic Benefits Transfer, gift and loyalty cards, and Fleet Management." Its website claims that Merchants' Choice is one of the largest "merchant acqirers" in the United States.

---

[11] 47 CFR § 64.1200(f)(8).

[12] 47 CFR § 64.1200(f)(8)(i)(B)

[13] See 77 Fed. Reg. 63,240 (October 16, 2012), available at https://www.gpo.gov/fdsys/pkg/FR-2012-10-16/pdf/2012-25316.pdf (last accessed May 1, 2017).

[14] *In re Joint Petition filed by Dish Network, LLC*, ("*Dish Network*"), 28 F.C.C.R. 6574, 6593 ¶¶ 1, 24, 33-48 (2013); *see also id* at ¶28 ("[A] seller may be liable for violations by its representatives under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification.").

28.     Merchants' Choice markets the availability of these products and services to consumers in the state of Florida through an aggressive outbound telephone solicitation campaign using an ATDS and/or prerecorded or artificial voice messages. None of these telemarketing calls are made for emergency purposes and none of them are to collect any debt owed to or guaranteed by the government. The telemarketing calls made by Merchants' Choice follow mandatory scripts.

29.     Merchants' Choice makes telemarketing calls using an ATDS and/or prerecorded or artificial voice messages to consumers' cellular telephone numbers even when they do not have the consumer's prior written express consent to make those calls, including when a consumer has specifically instructed Merchants' Choice to cease making telemarketing calls.

30.     Merchants' Choice makes telemarketing calls to consumers whose telephone numbers are listed on the National DNC Registry, and also calls consumers after they specifically request that Merchants' Choice stop calling and to be placed on its DNC List.

31.     The Defendant's aggressive telemarketing conduct is also the subject of many consumer complaints accusing Merchants' Choice of making repetitive telemarketing calls to persons on the National DNC Registry or who have requested to be placed on the Merchants' Choice DNC List. Many of these consumers also complain that Merchants' Choice utilizes an ATDS and/or prerecorded and artificial voice messages in their telemarketing calls.

32.     In or about June of 2016, Merchants' Choice began placing a barrage of telemarketing calls to Plaintiff's aforementioned cellular telephone number, ###-###-1616.

33.     The telemarketing calls at issue were made by Merchants' Choice using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2), which has the capacity to store or produce telephone numbers to be called,

8

using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention.

34.     That Defendant Merchants' Choice used an ATDS to place the calls at issue is evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence and/or an audible click/beep prior to a live representative joining the line. These are telltale signs of a "predictive dialer" and/or an automated telephone dialing system.

35.     Furthermore, Merchants' Choice initiated several of the calls at issue using a prerecorded or artificial voice message, as evidenced by the fact that the messages were delivered using the same voice and the same scripted message.

36.     When Merchants' Choice began its campaign of telemarketing calls at issue, Plaintiff's cellular telephone number was registered with and included on the National DNC Registry. Plaintiff also re-listed her cellular telephone number with the National DNC Registry during the time period at issue, and at no point since the calls from Merchants' Choice began has Plaintiff's cellular telephone number been removed from the National DNC Registry.

37.     Additionally, at no time did Merchants' Choice have Plaintiff's prior express written consent to place telemarketing calls to Plaintiff's cellular telephone number at issue using an ATDS and/or prerecorded or artificial voice.

38.     Upon receiving the very first call from Merchants' Choice, Plaintiff instructed the representative or agent of Merchants' Choice that she did not wish to receive any future calls from Merchants' Choice, that she was not interested in doing business with Merchants' Choice, and to not call her again.

39.     To the extent Merchants' Choice mistakenly believed that it had Plaintiff's prior express consent to call her, that misunderstanding was dispelled when she specifically instructed

Defendant not to call again, and thereby expressly revoked any consent Defendant may have mistakenly believed it had during the first call Merchants' Choice made to her cellular telephone number.

40.     Nevertheless, Merchants' Choice ignored Plaintiff's demand to immediately cease calling her. Instead, Merchants' Choice has persisted in calling Plaintiff's cellular telephone number for several months, often multiple times in a single day.

41.     Each of Defendant's unwanted telemarketing calls occupied Plaintiff's cellular telephone line, even when the call was not answered, rendering the line unavailable for Plaintiff to use for personal or business matters, and creating a very real safety risk by making the line unavailable for emergency use when the line is occupied by Defendant's unwanted inbound telemarketing calls. Plaintiff considered the unwanted telemarketing calls from Merchants' Choice to be intrusive, annoying, an invasion of her privacy and an interference with the operation of her business.

42.     Defendant Merchants' Choice initiated each of the autodialed and/or prerecorded telemarketing calls at issue to Plaintiff's cellular telephone number for the purpose of promoting the commercial availability of its products and services to Plaintiff. Accordingly, the calls constituted "telephone solicitation" as defined by the TCPA and its Regulations, 47 U.S.C. §227(a)(4) and 47 C.F.R. § 64.1200(f)(14).

43.     In placing the above described telephone solicitation calls to Plaintiff, Merchants' Choice acted as a "telemarketer" and engaged in "telemarketing" as defined by the applicable TCPA Regulations, 47 C.F.R. § 64.1200(f)(11)-(12).

44.     To date, Merchants' Choice has placed in excess of two-hundred (200) total telemarketing calls to Plaintiff's aforementioned cellular telephone number using an ATDS and/or prerecorded or artificial voice, and the calls continue through the date of filing of this Complaint.

45.     Defendant Merchants' Choice has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message in connection with its telemarketing calls to individuals such as the Plaintiff.

46.     Defendant Merchants' Choice willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

47.     Defendant Merchants' Choice followed its corporate policy when attempting to communicate with the Plaintiff.

48.     Defendant Merchants' Choice has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls it made to Plaintiff during the relevant time period.

49.     Defendant Merchants' Choice has knowingly employed methods and/or has a corporate policy that has the natural consequence of harassing individuals like Plaintiff and invading upon their privacy, and Defendant has implemented its telemarketing system in such a way that it is virtually impossible for consumers to bring about a stop to the unwanted telemarketing calls from Merchants' Choice.

50.     Defendant Merchants' Choice is liable to Plaintiff for its violations of the TCPA and FCC rules and regulations, which violations directly and proximately caused her to sustain injury and damages.

## COUNT I - VIOLATION OF THE TCPA

51.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (50), as if fully set forth herein.

52.     None of the calls at issue were placed by Defendant Merchants' Choice to Plaintiff's cellular telephone number with the "prior express written consent" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(2), and defined by 47 U.S.C. § 64.1200(f)(8).

53.     None of the calls at issue by Merchants' Choice, or it agents, were made to collect a debt.

54.     Furthermore, none of the calls at issue were placed by Defendant Merchants' Choice to Plaintiff for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

55.     Defendant Merchants' Choice willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing telemarketing calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice (1) without Plaintiff's prior express written consent, (2) despite the fact that Plaintiff's cellular telephone number was at all material times included on the National DNC Registry, (3) despite the fact that it failed to satisfy the requirements under 47 C.F.R. §§ 64.1200(d) prior to initiating telemarketing calls to Plaintiff, and (3) despite the fact that Plaintiff specifically demanded that Merchants' Choice cease calling, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii), (c) and (e), and 47 U.S.C. § 64.1200(a)(2), (d) and (e).

56.     Defendant Merchants' Choice willfully and/or knowingly violated the TCPA with respect to Plaintiff by initiating in excess of two-hundred (200) telemarketing calls within a 12-month period to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express written consent, in violation of the TCPA's Regulations, 47 U.S.C. § 64.1200(a)(2).

57.     The TCPA provides Plaintiff with a private right of action against Defendant Merchants' Choice for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3) and 47 U.S.C. § 227(c)(5), and permits both injunctive relief in addition to statutory damages.

58.     Plaintiff seeks to enjoin Merchants' Choice from continuing violations of the TCPA, and seeks an award of damages available under the TCPA for each of Defendant's violations of the TCPA with respect to Plaintiff.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant Merchants' Choice for statutory damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II – ATTORNEYS' FEE DEMAND
## PURSUANT TO SECTION 501.059, FLORIDA STATUTES

59.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (50), as if fully set forth herein. Plaintiff further incorporates each allegation of Count I as if fully set forth herein.

60.     Plaintiff is a "consumer" as that term is defined by section 501.059(1)(e), Florida Statutes.

61.     Defendant Merchants' Choice is a "telephone solicitor" as that term is defined under section 501.059(1)(d), Florida Statutes.

62.     The phone calls placed by Merchants' Choice to Plaintiff's cellular telephone number, as described herein, were "telephonic sales calls" as defined by section 501.059(1)(a), Florida Statutes.

63.     The conduct giving rise to Plaintiff's claims against Merchants' Choice for violation of the TCPA, as set forth in Count I, also violated numerous analogous provisions of section 501.059, Florida Statutes, including but not limited to, the following:

a.     The above described calls placed by Merchants' Choice to Plaintiff's cellular telephone number were not made in response to an express request of Plaintiff or in connection with an existing debt or contract. Furthermore, Merchants' Choice did not at any material time hereto have a prior or existing business relationship with Plaintiff. Accordingly, the phone calls placed by Merchants' Choice to Plaintiff's cellular telephone number, as described herein, were "unsolicited telephonic sales calls" as defined by section 501.059(1)(c), Florida Statutes.

b.     Merchants' Choice willfully and/or knowingly violated section 501.059(2), Florida Statutes, by repeatedly placing unsolicited telephonic sales call to Plaintiff's cellular telephone number that failed to disclose Defendant's identity as required under Florida law.

c.     Merchants' Choice willfully and/or knowingly violated section 501.059(8)(a), Florida Statutes, by repeatedly placing telephonic sales calls to Plaintiff's cellular telephone number using an automated telephone dialing system when the connection to Plaintiff's cellular telephone number was completed.

64.     Section 501.059(10)(a), Florida Statutes, provides that the prevailing party in any civil litigation resulting from a transaction involving a violation of section 501.059, Florida Statutes, is entitled to recover her reasonable attorneys' fees and costs.

65.    Count I of this Complaint alleging violations of the TCPA by Defendant Merchants' Choice and as incorporated herein, constitutes civil litigation resulting from a transaction involving conduct that violates section 501.059, Florida Statutes, as set forth above.

66.    Plaintiff has been required to retain the services of the undersigned attorneys and has agreed to pay them a reasonable fee.

WHEREFORE, Plaintiff demands judgment against Defendant Merchants' Choice for attorneys' fees and costs, and for such other relief as this Court deems just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

<u>/s/David P. Mitchell</u>
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
Karin@MitchellConsumerLaw.com
Michelle@MitchellConsumerLaw.com
Counsel for Plaintiff